A. WILMOT DALFERES, Judge ad hoc.
This suit results from an automobile accident which occurred at the intersection of Columbus and St. Claude Avenue, in the City of New Orleans, Louisiana. Both streets are approximately twenty-four (240 feet wide, and are hard surfaced. Traffic at this particular corner is not controlled by semaphore lights nor are there any stop signs at any of the corners at this particular intersection. Plaintiff Vanney was driving a Checker Cab Taxi owned by plaintiff Checker Cab Company in a northerly direction on St. Charles Avenue. Defendant Laborde was driving a Plymouth automobile in an easterly direction on Columbus Street.
It is plaintiffs’ contention that Vanney, having approached the intersection from the right and having pre-empted the intersection at a reasonable speed, the resulting collision occurred through the negligence of defendant. It is defendant’s contention that he is free of any negligence; however, he pleads contributory negligence, and sets forth practically the same allegations as plaintiffs do in their petition.
The only eye witnesses to the accident are the drivers of the respective cars. Following the collision, Officer Brown of the New Orleans Police Force visited the scene and made certain notations of the physical facts, and obtained statements from the parties, to which he testified upon the trial.
Much of the testimony of the two drivers is contradictory and irreconcilable. The courts have long recognized that witnesses who are drivers in a moving vehicle approaching an intersection and in imminent danger of a collision, are unable to observe accurately all details prior to the actual collision. In situations of this kind, much weight must be given to the physical facts observed following the collision in order to resolve and evaluate the testimony of the drivers of the cars involved.
It was shown in evidence that the southeast corner of the intersection, where the accident occurred, is a blind corner because of the erection of a building in close proximity to the property lines which deprived both drivers of the right of viewing approaching cars from the west or the south.
Officer Brown testified that he found three (3^) feet of brake marks in the rear of plaintiffs’ car and fifteen (IS') feet of brake marks in the rear of defendant’s car. It is likewise in evidence that the defendant’s automobile struck plaintiffs’ automobile very near the left front. The court must conclude, therefore, that the braking of defendant’s car as evidenced by the fifteen (IS'') feet of black marks was not the only factor which brought defendant’s car to a stand-still. That some forward momentum in his car was retarded by the effect of the collision is obvious.
Where the analysis of the conflicting testimony of the two drivers, the only eye witnesses to the collision, can lead to no logical conclusion as to the cause of the accident, the physical facts found after the collision gain importance.
From a reading of the evidence, we conclude that as plaintiff Vanney approached the intersection, he was traveling at approximately ten (10) MPH miles per hour and that defendant was traveling at approximately twenty (20) MPH miles per hour. By consulting the Bendix Products Corporation Chart (Blashfield, Section 6237) we conclude that defendant was approximately forty (40') feet from the point of collision at the time he observed the approaching car of the plaintiffs, which at that time was approximately twenty (20') feet from the point of collision. Both streets are twenty-four (24') feet wide and are one-way streets. The collision occurred approximately in the middle of the intersection. We, therefore, conclude that plaintiff Vanney had entered and pre-empted the intersection at the time that defendant entered the intersection.
*874 LSA-R.S. 32, Section 1, subparagraph 19, defines Right-of-way as the privilege of the immediate use of a highway. LSA-R.S. 32, Section 237, subparagraph A provides: “When two vehicles approach or enter an intersection at approximately the same time, the driver approaching from the right shall have the right of way.” This privilege is only forfeited if the driver approaching from the right enters the intersection at an unlawful rate of speed or in an unlawful manner.
Defendant, in his answer, denied any negligence ; however, in brief and in argument to this court, counsel acknowledges negligence of defendant but seeks to avoid the effect of the trial court’s judgment by alleging contributory negligence on the part of plaintiff Vanney.
It is true that the right-of-way accorded one approaching from the right is not given that force and effect in our jurisprudence, as one approaching a controlled intersection with semaphore lights, or where the less favored street contains a stop warning sign. Nevertheless, where as in the instant case, we find that the negligence of defendant was the proximate cause of the collision and the resulting physical damage and injury, the court has no hesitancy to award damage to the plaintiff.
Defendant has cited several cases in which recovery has been denied to a plaintiff approaching from the right. We experience no difficulty in distinguishing these cases from the instant case. In a most recent case cited by defendant, Morris v. Peralta, La.App., 127- So.2d 250, the plaintiff was proceeding easterly on Florida Street when he was involved with the extreme rear end of a Cadillac proceeding south on Arlene Street in the City of New Orleans, Louisiana. Plaintiff was denied recovery because of the excessive speed at which he was traveling. This is not the situation in the instant case.
We find no error in the trial court’s finding as to the proximate cause of the collision. The amount of damage suffered by plaintiff Checker Cab Company is stipulated to be actual cost of repairs. The medical expenses incurred by plaintiff Vanney is stipulated to be EIGHTY AND NO/100 ($80.00) DOLLARS. We feel that the award for loss of wages and disability is neither excessive nor inadequate. The judgment of the trial court will be affirmed.
JOHNSON, J., concurs.